**GOODSON v. TEXAS & P. RY. CO.**

No. 784.

Court of Civil Appeals of Texas. Eastland.

Dec. 19, 1930.

Rehearing Denied Jan. 16, 1931.

Smith & Smith, of Anson, for appellant.

Shropshire & Bankhead, of Weatherford, B. L. Russell, of Baird, and T. D. Gresham, of Dallas, for appellee.

HICKMAN, C. J.

The judgment appealed from was rendered by the trial court on a verdict of the jury returned in obedience to a peremptory instruction in favor of appellee. Appellant's suit was for damages for personal injuries sustained at Putnam, Tex., on August 15, 1927. The appellee, defendant below, among other defenses, besides a general denial, pleaded contributory negligence and an accord and satisfaction by a full settlement and release of all claims growing out of the alleged injuries. Appellant by supplemental petition alleged fraud in the procurement of the release and mental incapacity on his part when he executed same. The present suit is the second one filed by appellant on the alleged cause of action, the first having been dismissed in 1928 for want of prosecution, and the present one having been filed later.

On the issue of accord and satisfaction, the evidence discloses that, on March 27, 1929, the appellee sent to the Citizens' National Bank of Brownwood, Tex., a draft payable to the order of appellant for $275, which draft recited: "In full and complete settlement and payment for personal injuries and damages received at Putnam, Texas, August 15th, 1927, account being struck or coming in contact with train of said The Texas & Pacific Railway Company." Accompanying said draft was a written release, which recited: "In consideration of the sum of Two Hundred Seventy Five and no/100 Dollars, ($275.00) this day paid to me, T. F. Goodson, by The Texas & Pacific Railway Company, I hereby release said company from all claims, demands and causes of action against it which have accrued or may hereafter accrue to me for all injuries and damages of every nature whatsoever received in and resulting from an accident at or near Putnam, Texas, on or about the 15th day of August, 1927, account being struck or coming in contact with train of said The Texas & Pacific Railway Company." The release further recited, in substance, that, to secure settlement and payment of said sum, the appellant relied wholly on his own judgment as to the extent and duration of his injuries, and that no representations or statements about this matter by said company or its representatives or agents influenced him in making the settlement. The draft was indorsed and cashed by appellant and the release executed before two witnesses, who signed same as such. One of these witnesses was Joe J. Boyd, formerly assistant chief of police of the city of Brownwood. Prior to the receipt of said draft appellant solicited the services of Boyd, who was acquainted with certain officials and employees of the railroad company, to assist him in effecting a settlement of his claim. Boyd was in no manner connected with the appellee, but acted solely as a representative of appellant, and, through correspondence, procured an agreement from appellee to pay appellant the sum of $275. The other witness was Clyde McIntosh, cashier of the Citizens' National Bank of Brownwood, who was wholly disinterested and in no manner connected with the railroad company. In procuring the signature to the release he was but following the instructions accompanying the release and draft. No agent, representative, or employee of the railroad company was present when the release was executed and the draft indorsed and cashed. The money represented by the draft was paid to appellant and deposited by him in the said bank. The evidence does not present any issue of fraud. Neither is it sufficient to raise an issue of mental incapacity on the part of appellant.

With reference to what transpired at the time the draft was cashed and the release executed, appellant testified:

"I do not remember anything about getting Mr. Joe Boyd to take up with the Texas & Pacific Railway Company the question of the settlement of my claim. I do not remember whether or not it is a fact that Mr. Boyd proceeded to represent me in that transaction. I do not remember for sure whether this which you show me is my signature. I am looking at it. That's my name. That's the name. I do not remember whether or not I wrote it.

"Q. Isn't it a fact that you wrote your name in their presence? A. I do not remember, my dear sir.

"Q. Of Joe Boyd and Clyde McIntosh? A. I don't remember, my dear boy. I could not tell you, my good friend, whether or not it is a fact that I deposited that draft in the Citizens National Bank in Brownwood, when it was handed to me and that I got the money on it, which was put there in my account. That could be my signature. It is a name. I do not remember whether or not that is my writing. I might have written my signature on that paper there, in the presence of Joe Boyd and Clyde McIntosh. I ain't saying. I ain't competent to say what has been done. After I signed it, I might have then deposited this check in the bank and might have gotten the money on it. I could not say."

This testimony could not be held sufficient to present any real issue of fact with regard to the transaction. Since the testimony is in-

sufficient to impeach the release and the indorsement on the draft, these instruments form an effectual barrier to appellant's right of recovery, and the peremptory instruction was required. Camoron v. Thurmond, 56 Tex. 22; Pegues v. Haden, 76 Tex. 94, 13 S. W. 171; Gilliam v. Alford, 69 Tex. 267, 6 S. W. 757; Blount v. G., C. & S. F. Ry. Co. (Tex. Civ. App.) 82 S. W. 305; Chicago, R. I. & T. R. Co. v. Williams, 44 Tex. Civ. App. 168, 99 S. W. 141; City of Longview v. Capps (Tex. Civ. App.) 123 S. W. 160; El Paso & S. W. R. Co. v. Kramer (Tex. Civ. App.) 141 S. W. 122; Texas Midland R. R. Co. v. Hurst (Tex. Civ. App.) 262 S. W. 172.

The foregoing holding disposes of the case and renders unnecessary a further discussion, but it is not improper for us to state that we have considered all the evidence and find that same failed to raise an issue of appellee's negligence, and also that it convicted appellant of contributory negligence as a matter of law. In short, we think the appeal is without merit, and that, however much appellant may have been injured, appellee was not responsible therefor.

The judgment of the trial court will be affirmed.